"If we are to lay down the doctrine that the question is to be determined on the peculiar facts and language of each particular case, no trustee will know how to safely act, and a question constantly arising in the administration of estates will be involved in great confusion and be the cause of great litigation, the latter often at an expense to the estate greater than the sum involved. Such a result would prove very unfortunate. The justification for the rule is very apparent."

This definite rule was made by the Court of Appeals upon an examination of all the cases, and by a divided court, with a strong dissent, showing that the matter had been advisedly passed upon as a guide to future trustees. As these bonds were bought by the trustee, we are bound by the decision cited.

The decree should therefore be modified by providing that the moneys paid out by the testamentary trustee to reduce premiums on securities purchased were properly taken from the income, and that the amount thereof should be paid to the residuary legatee, and, as so modified, affirmed, without costs in this court to either party. All concur.

---

DAVIS et al. v. McCARTHY.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. EASEMENTS (§§ 13, 24*) — CONSTRUCTION — "APPURTENANCES" — COVENANT OPERATING AS GRANT.

A deed of a city lot, containing a restrictive covenant as to the depth of building on an adjoining lot of the grantor "when sold or built upon by him," creates an easement of light and air in favor of the grantee's lot, which passes to subsequent grantees with the "appurtenances."

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 39, 64–69; Dec. Dig. §§ 13, 24.*]

2. COVENANTS (§ 69*)—CONSTRUCTION—COVENANTS RUNNING WITH THE LAND—COVENANTS CREATING EASEMENT.

A covenant in a deed restricting the depth of building on adjoining land of the grantor "when sold or built upon by him," being expressly intended as a beneficial one to the grantee's land, is not personal to the grantee, but is one running with the land and passing to subsequent grantees as an incident to the fee.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 67; Dec. Dig. § 69.*]

Appeal from Trial Term, New York County.

Action by John Davis and another against John McCarthy. From a judgment for plaintiffs, defendant appeals. Affirmed.

The following is the opinion of GREENBAUM, J., in the court below:

On May 1, 1858, one John J. Crane, who then was the owner of the premises known as No. 21 West Nineteenth street and No. 18 West Twentieth street, which, taken together, formed one parcel of land running from street to street, 25 feet in width on each street and 184 feet in depth, conveyed the Twentieth street lot and a building thereon erected, being 25 feet wide and 92 feet in depth to the middle of the block, to one Isaac Sherman by deed containing the following restriction: "Which said last-mentioned lot [referring to the Nineteenth street lot], now owned by the said John J. Crane, shall be restricted when sold or built upon by him as follows, namely, that any building

erected on said last-mentioned lot shall not exceed the depth of 65 feet, commencing on the line of Nineteenth street, leaving the balance of said lot 27 feet in depth as an open yard in the rear of said lot." Through various mesne conveyances the title to No. 18 West Twentieth street became vested in the plaintiffs and the title to No. 21 West Nineteenth street in the defendant. The plaintiffs having also acquired the title to the premises known as Nos. 20 and 22 West Twentieth street and to No. 23 West Nineteenth street, which is directly in the rear of No. 20 West Twentieth street, erected an 11-story fireproof store and loft building which covered 75 feet on Twentieth street to a depth of about 80 feet, excepting that the ground floor was extended to a further depth of 8 feet with a skylight, and also excepting that the middle 25 feet of the building extended through to Nineteenth street. The upper stories in the rear of the part of plaintiffs' building directly overlooking defendant's premises have three windows on each of the stories above the ground floor, leaving a space of 12 feet on plaintiffs' premises, which, with the additional 27 feet in the rear of defendant's premises, would furnish a total air and light space of 39 feet. The defendant has threatened to erect upon his Nineteenth street lot an 11-story building to the depth of 85 feet, so that instead of the open space of 27 feet in the rear of his lot, to which plaintiffs claim an easement of light and air, there would be but 7 feet. To perpetually restrain the defendant from consummating his threatened erection the plaintiffs bring this suit.

Defendant contends that his land is not restricted to a building 65 feet in depth, and that, even if such a restriction had in fact been originally imposed, the change since 1858 in the character of buildings in the block would defeat the right to equitable relief. It is also argued in behalf of the defendant that the covenant of Crane to Sherman to restrict was purely personal in nature, and that Sherman's grantees had no enforceable claim or right thereunder. An examination of the respective chains of title to the plaintiffs and defendant to their holdings reveals that on August 1, 1858, Crane conveyed his Nineteenth street property to one Wickham Hoffman by deed, which in its habendum clause contained the following restriction: "Subject also to the restriction that any building erected or to be erected on the lot hereby conveyed shall not exceed the depth of 65 feet, commencing from the line of Nineteenth street, leaving the balance of said lot twenty-seven feet in depth as an open yard, and the said Wickham Hoffman hereby accepts this conveyance as aforesaid, and hereby covenants and agrees with the said John J. Crane, his heirs and assigns, at all times, faithfully to keep and observe the covenant and restriction aforesaid." Defendant's title is deducible through a series of deeds, some of which refer to the restriction and some of which omit any reference thereto. On July 30, 1906, the then owner of the lot, one Sarah Marion May, conveyed it to one Randolph Guggenheimer by deed subject to the restriction in question, and said Guggenheimer conveyed it to defendant on May 1, 1907, also subject to said restriction. The defendant thus took title with actual notice of the existence of the restriction. The several deeds which constitute the chain of title to plaintiffs make no specific mention of the restriction of the Nineteenth street lot, and no restrictive agreement or covenant as to the depth of building on the Twentieth street lot appears ever to have been made.

It thus appears that there was no mutuality of restrictive covenants as to depth of building in favor of each lot as against the other, but that the Nineteenth street lot alone, upon the severance of title in the common owner of the Nineteenth street and Twentieth street lots, became a servient estate with an easement in favor of the Twentieth street lot. There evidently was no mutuality because none was intended, and it may be assumed that the Twentieth street lot became the dominant estate, because the purchaser apparently paid a sufficient valuable consideration to the grantor to acquire the easement in the Nineteenth street lot. The easement created in favor of plaintiffs' lot seems to me to be in effect a grant and passes with the "appurtenances." Valentine v. Schreiber, 3 App. Div. 235, 38 N. Y. Supp. 417; Hills v. Miller, 3 Paige, 254, 24 Am. Dec. 218. The covenant was expressly intended as a beneficial one to plaintiffs' land, and it may therefore be regarded as one running with the land and passing to subsequent grantees

as an incident to the fee. Norman v. Wells, 17 Wend. 136;. Nye v. Hoyle, 120 N. Y. 195, 24 N. E. 1; Van Rensselaer v. Read, 26 N. Y. 558. It seems to me that the questions involved in this suit require no extended consideration here, as they are sufficiently considered in the following cases: Lattimer v. Livermore, 72 N. Y. 174; Phœnix Ins. Co. v. Continental Ins. Co., 87 N. Y. 400; Hodge v. Sloan, 107 N. Y. 250, 17 N. E. 335, 1 Am. St. Rep. 816; Kahn v. Hoge, 61 App. Div. 147, 70 N. Y. Supp. 434; Holt v. Fleischman, 75 App. Div. 593, 78 N. Y. Supp. 647.

I am not impressed with the force of the arguments of the learned counsel for the defendant "that a search of the records relating to the Nineteenth street lot would not have disclosed any covenant or restriction in favor of the Twentieth street lot," and that there is nothing to indicate the existence of any general plan of restriction of the several lots of land on the block. An examination of the title to the Nineteenth street lot would have revealed the restriction in the deed by Crane to Sherman, as well as in several subsequent deeds in the chain. As to the point that no general scheme of restriction existed, as has been observed, none was intended; it being expressly designed to restrict the Nineteenth in favor of the Twentieth street lot. This distinction differentiates this case from the facts appearing in some of the cases relied upon by defendant's counsel. Other cases cited in behalf of the defendant were those in which the covenant was purely personal, and therefore did not pass to subsequent grantees. That the restriction in the deed of Crane to Sherman was not intended to be personal is emphasized by the fact that it was expressly to be restricted "when sold or built upon by him [Crane]," and that as a matter of fact within a few months after the delivery of the Sherman deed Crane conveyed to Hoffman with the restrictive covenant as he had agreed to do.

Upon the undisputed facts there seems to be no alternative but to grant the injunctive relief prayed for.

Decreed accordingly, with costs and extra allowance of $350 to plaintiffs. Findings signed.

Argued before PATTERSON, P. J., and CLARKE, HOUGHTON, and SCOTT, JJ.

L. Marshall, for appellant.
A. C. Weil, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Greenbaum, J. Order filed.

---

(63 Misc. Rep. 16.)

In re WILLCOX et al., Public Service Com'rs.

(Supreme Court, Special Term, New York County. April 17, 1909.)

1. EMINENT DOMAIN (§ 174*)—STREET RAILROADS—ACQUISITION OF RIGHT OF RIGHT OF WAY—CLAIMS FOR COMPENSATION—CONSTRUCTION OF RAPID TRANSIT ACT.

The rapid transit act (Laws 1891, p. 3, c. 4) requires claims for compensation to be presented to the commissioners of appraisal within six months after their appointment, and provides that the failure to present a claim within that time shall be deemed a surrender of any claim to compensation, except so far as the claimant may be entitled to the whole or a part of the amount awarded by the commissioners as compensation for property owned by the claimant or in which he is interested. *Held* that, as the proceeding by the commissioners was intended to be summary, the time limit should be strictly construed; and a lessee of property alleged to have been damaged by construction of a rapid transit extension, who did not present his claim within the prescribed period, was preclud-

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes